[895 NYS2d 440]

In the Matter of EDWARD MURRAY FINK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 26, 2010

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was disbarred, on consent, effective immediately, by order of the Supreme Court of New Jersey dated May 11, 2009 (198 NJ 618, 969 A2d 1132 [2009]). The respondent had executed a disbarment by consent from the bar of the State of New Jersey dated April 24, 2009. In that sworn statement, he admitted that he was the subject of an investigation charging him with the knowing misappropriation of client trust funds/escrow funds. He acknowledged that those allegations were true, and that he would be unable to successfully defend himself against them.

The respondent further acknowledged that his consent to disbarment was given freely and voluntarily, with a full awareness of its implications, and without any coercion or duress. He attested to his competence and knowledge that his consent to disbarment would be an absolute barrier to his ever seeking reinstatement to the New Jersey bar. The respondent was aware that the New Jersey court could assess disciplinary costs against him, and that his disbarment would become a matter of public record, but that it could not be entered as evidence in any legal proceeding or as an admission giving rise to an inference of wrongdoing in any jurisdiction or forum other than in a disciplinary proceeding or a proceeding involving the Lawyers' Fund for Client Protection.

On or about July 9, 2009, the respondent submitted a statement, in which he contended that the imposition of discipline in New York based on the harsh conclusion of the New Jersey court would be unjust. The respondent is 75 years of age and in declining health. He alleges that the issues leading to his disbarment arose since he was the victim of a scam by a client. He claims that he was compelled to transfer funds from his client's trust account to a secondary trust account of that client. The respondent further contends that, as a result of that transfer, the New Jersey ethics committee determined that the respondent had acted improperly, and recommended his disbarment.

Although the respondent has asserted a defense that the imposition of reciprocal discipline would be unjust, notwithstanding his unequivocal admissions in the New Jersey proceeding, he has failed to demand a hearing as required by 22 NYCRR 691.3 (d). Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Notwithstanding his own expressed belief that his actions in New Jersey were not harmful to any clients, the respondent at-

tested in his disbarment by consent in New Jersey that the allegations that he had knowingly misappropriated client trust funds/escrow funds were true, and that he could not successfully defend himself against them. Accordingly, the respondent is disbarred in New York based on his disbarment in New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Edward Murray Fink, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edward Murray Fink, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward Murray Fink, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Edward Murray Fink, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).